852 F.2d 1289
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not the case, res judicata, or collateral estoppel.
 
 In re A & C PROPERTIES, a Joint Venture and the Consolidated
cases, Debtor.
Ross ENTITIES, Petitioner-Appellant,
v.
A & C PROPERTIES, INC., Respondent-Appellee.
 No. 87-6419.
 United States Court of Appeals, Ninth Circuit.
 Augued and Submitted April 4, 1988.
Decided July 21, 1988.
As Amended Sept. 23, 1988.
 Before JAMES R. BROWNING, NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonard Ross and certain related entities ("Ross") appeal a judgment of the district court affirming a judgment of the bankruptcy court in favor of the trustee on a question of contract interpretation. At issue in this bankruptcy appeal is a clause in a settlement agreement (Limited Recourse Agreement) ("settlement") which provides as follows:
 
 
 3
 "Of the settlement funds in what we have referred to as the all world settlement, which is to say the settlement of the 18 Superior Court actions which is the subject of the trustee's application for approval, it has been agreed that the trustee will retain $7,050,000 inclusive of $300,000 to be paid by Continental Casualty Insurance Company, which payment will be personally guaranteed by Mr. Ross. All other sums to be realized as a result of that settlement will inure to Mr. Ross." (emphasis added)
 
 
 4
 The trustee collected the settlement funds and they have since earned over $800,000 in interest.
 
 
 5
 The parties disagree as to the disposition of that interest. Ross, relying on the "plain meaning" rule of statutory construction, maintains that only $7,050,000 is to go to the trustee and that all other sums, whether principal or interest, must go to him. The trustee, arguing for affirmance, contends that the division of "settlement funds" means division of funds received from the insurance companies, which consisted only of principal. The district court held that the agreement simply made no provision for interest. The court analogized the settlement proceeds to an interpleaded fund, and divided interest pro rata to the principal. "The settlement fund and the interest," the district court reasoned, "were held pending the resolution of the dispute between the Ross entities and the trustee as to their respective entitlements to the funds." Interest earned on interpleaded funds follows the principal. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 162 (1980).
 
 Discussion
 
 6
 The focus of any inquiry on this issue is the intent of the parties. Brobeck, Phleger & Harrison v. Telex Corp., 602 F.2d 866, 872 (9th Cir.), cert. denied, 444 U.S. 981 (1979). The plain meaning rule is not a decisive guide to the parties' intent in this case because the clause in issue does not refer to interest. We agree with the district court that the agreement is ambiguous as to this particular aspect of the settlement. We therefore interpret the clause by the principal apparent purpose of the parties. Restatement (Second) of Contracts, ("Restatement") Sec. 236(a), (b); Brobeck, 602 F.2d at 872; Simpson, Contracts, Ch. 9, ("individual clauses and particular words are to be construed in relation to the main purpose to be effectuated.")
 
 
 7
 The main purpose of the contract was to provide for the division of settlement funds. Plainly, such division referred to the principal. The contract simply fails to elucidate the intent of the parties as to the distribution of interest.
 
 
 8
 At the bankruptcy court hearing Ross sought, through testimony, to show that the issue of interest was never specifically excluded from the other sums which would go to Ross. No evidence shows that it was ever considered or discussed prior to settlement. Neither party claims that it was ever discussed. It appears that the parties simply failed to take account of the distribution of interest and so omitted a crucial contract term.
 
 
 9
 An omission occurs when "[t]he parties to an agreement may entirely fail to foresee the situation which later arises and gives rise to a dispute; they then have no expectations with respect to that situation, and a search for their meaning with respect to it is fruitless." Restatement, Sec. 204, Comment b. The court may then supply "the term the parties would have agreed to if the question had been brought to their attention." Restatement, Sec. 204, Comment d. Both parties want the agreement to succeed and only dispute the distribution of interest. The district court's analogy to an interpleaded fund is a reasonable implied term which, given the nature of the agreement, the parties would have assented to had they considered that such an issue might arise. Id.
 
 CONCLUSION
 
 10
 The intent of the parties as to distribution of income is not evident from the argument. With respect to interest, the clause is ambiguous and the plain meaning rule is inapplicable. The addition of an implied term allocating interest according to principal was therefore a reasonable and equitable resolution of the dispute. The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3